## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**Civil Action Number:**

ANEL MONTENELLI,

      Plaintiff,

vs.

LA PALAPA INC. and
THE GEORGE AND ANTONIA FLORAKOS
REVOCABLE TRUST

      Defendants.

---

## COMPLAINT

---

Plaintiff, Anel Montenelli, by and through his undersigned counsel, hereby sues Defendant La Palapa Inc. and The George and Antonia Florakos Revocable Trust for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and the Illinois Human Rights Act and alleges:

### JURISDICTION

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"). This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2.    Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Northern District of Illinois.

3.    The remedies provided by Illinois Statute §740 (the Illinois Human Rights Act 775 ILCS Sec 1-102) are not exclusive, and state administrative remedies need not be exhausted in connection with suits brought under the ADA.

## PARTIES

4.     Anel Montenelli (hereinafter referred to as "Plaintiff") is a resident of the state of Illinois. The Plaintiff suffers from spinal cord injury and uses a wheelchair for mobility, thus suffers from what constitutes as a "qualified disability" under the Americans with Disabilities Act ("ADA").  The Plaintiff's disability is defined in 42 US Code §12012 (1)(A) and in 42 U.S.C. 3602 §802(h).

5.     Defendant La Palapa Inc. (also referenced as "Defendant La Palapa") is an Illinois corporation doing business as "La Palapa". Defendant La Palapa is authorized to conduct, and is conducting business within the State of Illinois.

6.     On information and belief, at all times material hereto, Defendant La Palapa is the lessee of the real property located at 2000 West 34th Street, Chicago, Illinois 60608. Defendant La Palapa owns and operates a restaurant called "Restaurant La Palapa" at this location. The Restaurant La Palapa which is the subject of this action and is also referred to as "La Palapa," "restaurant," "Subject Facility," and/or "place of public accommodation."

7.     Defendant The George and Antonia Florakos Revocable Trust is an Illinois revocable trust (also referenced as "(the) Trust," "owner," (of the Subject Facility) or "lessor" (of the Subject Facility)). Defendant Trust is authorized to conduct, and is conducting business within the State of Illinois and with the jurisdiction of this court.

8.     At all times material hereto, Defendant Trust is (and has been) the owner of the real property which is the Subject Facility which is delineated herein.  On information and belief, at all times material hereto, Defendant Trust has leased the Subject Facility to the lessee, Defendant La Palapa.

9.    All events giving rise to this lawsuit occurred in the State of Illinois. Venue is proper in this Court as the real property and the business operated within the real property is located within the jurisdiction of this Court.

10.    The Subject Facility is defined as a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) because it is a restaurant which is open to the general public.

11.    On July 13, 2015, the Plaintiff personally visited the La Palapa restaurant with the intention of ordering a meal and a drink and enjoying the meal and drink in the outdoor dining area.  While the Plaintiff dined at the La Palapa restaurant, the Plaintiff was denied full and equal access because the floor was/is gravel, which prohibited the Plaintiff's ability to enter (maneuver himself and his wheelchair) throughout the restaurant. Hence, the Subject Facility was not readily accessible.

12.    Furthermore, the restaurant did not have any designated handicapped parking spaces.

13.    The Plaintiff left the La Palapa restaurant embarrassed and humiliated over being unable to enter the place of public accommodation, twenty-five years after the passage of the ADA.  For confirmation of visit, see Exhibit A.

14.    The Plaintiff was denied full and equal access to, and full and equal enjoyment of, the facilities at the La Palapa restaurant, a place of public accommodation, all in violation of the ADA.

15.    As a result of the Defendants' discrimination, the Plaintiff has suffered loss of dignity, mental anguish, physical harm, and other tangible injuries.

16.    Any and all requisite notice has been provided.

3

17. The Plaintiff has been obligated to retain the law offices of Scott R. Dinin, P.A. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendant pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

18. Plaintiff re-alleges and incorporates by reference the allegations set forth in ¶¶s 1 – 17 herein above.

19. The Americans with Disabilities Act ("ADA") is landmark Civil Rights legislation that is the result of decades of advocacy to improve the lives and role in society of all persons with disabilities. The ADA was enacted and effective as of July 26, 1990. The ADA legislation has been protecting disabled persons from discrimination due to disabilities for 25 years. As such, all public accommodations and facilities have had adequate time for compliance.

20. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

(iii) discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

(iv) Individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the

4

discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

(v)     the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42  U.S.C. §12101(a)(1)-(3), (5) and (9).

21.     Congress explicitly stated that the purpose of the ADA was to:

(i)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)     provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii)     invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42  U.S.C. §12101(b)(1)(2) and (4).

22.     Pursuant to 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104, the Subject Facility (commonly known as La Palapa) is a place of public accommodation in that it is a restaurant open to the general public.  As a place of public accommodation, it is under the requirements of the ADA and must be in compliance therewith.

23.     As the owner and lessor (to others) of a restaurant, Defendant The George and Antonia Florakos Revocable Trust ("Trust") is defined as a "Public Accommodation" within meaning of Title III because the Defendant Trust is a private entity which leases to

5

others a restaurant; 42 U.S.C. §12182, §12181(7)(B) and the Illinois Human Rights Act, as codified at 775 ILCS 5.

24.     As the operator and lessee of a restaurant, Defendant La Palapa is defined as a "Public Accommodation" within meaning of Title III because Defendant La Palapa is a private entity which owns, leases, or operates a restaurant; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104 and the Illinois Human Rights Act, as codified at 775 ILCS 5.

25.     The Defendant Trust (as owner/lessor) and Defendant La Palapa (as operator/lessee) have discriminated (in derogation of 28 C.F.R. Part 36).

26.     The Defendant Trust (as lessor and owner of the Subject Facility) and Defendant La Palapa Inc. (as lessee and operator of the Subject Facility) have discriminated, and continue to discriminate, against the Plaintiff (and others who are similarly situated) by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the Subject Facility, in derogation of 42 U.S.C. §12101 et. seq., and as prohibited by 42 U.S.C. §12182 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

27.     Plaintiff, and any other future patron who uses a mobility device, will continue to be unable to enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at the La Palapa Restaurant.

28.     Prior to the filing of this lawsuit, the Plaintiff personally visited the restaurant known as La Palapa Restaurant with the intention of patronizing the place of public accommodation, but (as an individual with a disability who utilizes a wheelchair

for mobility) has been denied adequate accommodation by virtue of being unable to gain access with the use of his wheelchair within the place of public accommodation and therefore suffered an injury in fact.

29.     The Plaintiff continues to desire to patronize the La Palapa Restaurant and dine therein in the future, but continues to be injured in that he continues to be discriminated against due to the architectural barrier which remains at the Subject Facility, all in violation of the ADA.

30.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

31.     The Subject Facility, which is owned by Defendant Trust (lessor) and is in the possession and daily operational control of Defendant La Palapa (lessee), is in violation of 42 U.S.C. §12181 et. seq., the ADA and 28 C.F.R. §36.302 et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific violations:

i.    As to Defendant Trust (owner and lessor) and Defendant La Palma (operator and lessee), failure to provide an accessible entrance to the outdoor seating area and failure to have signage posted indicating the location of accessible entrance, in violation of 28 C.F.R. Part 36, Section 4.1.2(7)(c).

ii.    As to Defendant Trust (owner and lessor) and Defendant La Palma (operator and lessee), some areas of the restaurant are inaccessible by wheelchair, in violation of 28 C.F.R. Part 36, Section 5.4, which states that all dining areas, including raised, sunken dining areas, loggias, and outdoor seating areas shall be accessible.

iii.   As to Defendant Trust (owner and lessor) and Defendant La Palma (operator and lessee), the Defendants failed to provide accessible outdoor seating area for Plaintiff and other individuals who use wheelchairs or electronic scooters due to the fact that the ground is soft gravel (precluding entry by wheelchairs or electric scooters) in derogation of 28 C.F.R. Part 36 Appendix A, Section 5.4. Hence, the Defendants have failed to provide an accessible outdoor eating space usable by individuals with disabilities.

iv.    As to Defendant La Palapa, contained within the inside seating area, there are no accessible seating spaces provided and no accessible tables are provided; the high chair table surface is mounted over 34" above the finished floor to the top on all tables, thus none of the tables are accessible, in violation of 28 C.F.R. Part 36, Section 4.32.4.

v.    As to Defendant Trust (owner and lessor) and Defendant La Palma (operator and lessee), the Defendants have not provided an accessible route within the restaurant due to width of the pathway in violation of 28 C.F.R Part 36, Section 4.3.3, which requires pathways to be at minimum of 36 inches in width.

vi.    As to Defendant La Palapa, failure to provide adequate directional and accurate informational signage throughout the Subject Facility as required by 28 C.F.R. Part 36, Section 4.1.3(16).

vii.    As to Defendant La Palapa, failure to provide signage addressing people with disabilities telling them that accessible services are provided as required by 28 C.F.R. Part 36, Section 4.30.4.

viii.    As to Defendant Trust (owner and lessor) and Defendant La Palma (operator and lessee), failure to provide an adequate number of accessible handicap spaces at the Subject Facility that comply with the requirements of 28 C.F.R. Part 36, Section 4.6.3, and failure to provide accessible handicap spaces which are located on the shortest route of travel from adjacent parking to the restaurant, as required by 28 C.F.R. Part 36, Section 4.6.2.

ix.    As to Defendant Trust (owner and lessor) and Defendant La Palma (operator and lessee), failure to provide one in every eight accessible spaces, but not less than one, with an accessible 96 inch wide minimum, with the designation of "van accessible" as required by 28 C.F.R. Part 36, Section 4.6.4. and Section 4.1.2(5)(b).

x.    As to Defendant Trust (owner and lessor) and Defendant La Palma (operator and lessee), failure to post signage indicating accessible parking, in violation of 28 C.F.R. Part 36 and ADA/ABA Design Compliance Code §502.6.

32.    Upon information and belief, Defendant Trust (as owner and lessor) and Defendant La Palapa Inc. (as operator and lessee) are jointly and severally in violation of other provisions of the ADA at the Subject Facility, and only once a full inspection is done can all said violations be identified.

9

33.    To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

34.    Pursuant to the ADA, 42 U.S.C. §12181et seq., and 28 C.F.R. §36.304, the Defendants have been required to make the Subject Facility (a place of public accommodation) accessible to persons with disabilities since January 28, 1992.  To date, the Defendant The George and Antonia Florakos Revocable Trust (as owner and lessor) and Defendant La Palapa Inc. (as operator and lessee) have jointly and severally failed to comply with this mandate.

35.    Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the Subject Facility to make it readily accessible to, and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff, Anel Montenelli hereby demands judgment against Defendant The George and Antonia Florakos Revocable Trust (as owner and lessor) and Defendant La Palapa Inc. (as operator and lessee) and request the following injunctive and declaratory relief:

a)    The Court declares that the Subject Facility owned and leased by Defendant The George and Antonia Florakos Revocable Trust and operated, controlled, and/or administrated by Defendant La Palapa Inc. (the lessee) is in violation of the ADA and order the Subject Facility to be closed to the public until such time that it is deemed by this Court to be accessible;

b)      The Court enter an Order requiring Defendant The George and Antonia Florakos Revocable Trust (as lessor and owner) and Defendant La Palapa Inc. (as lessee and operator) to alter the Subject Facility to make it accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

c)      The Court enter an Order directing Defendant The George and Antonia Florakos Revocable Trust (as lessor and owner) and Defendant La Palapa Inc. (as lessee and operator) to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendant The George and Antonia Florakos Revocable Trust (as lessor and owner) and Defendant La Palapa Inc. (as lessee and operator) to undertake and complete corrective procedures to the Subject Facility;

d)      The Court award reasonable attorney's fees, compensatory damages, all costs (including, but not limited to court costs and any expert fees), and other expenses of suit, to the Plaintiff, and the Court award reasonable costs and attorneys fees; and

e)      The Court award such other and further relief as it deems necessary, just and proper.

## COUNT II - VIOLATION OF ILLINOIS HUMAN RIGHTS ACT

36.      Plaintiff realleges and incorporates by reference the allegations set forth in ¶¶s 1 – 17 above.

37.      The Defendant The George and Antonia Florakos Revocable Trust  (as lessor

and owner) and Defendant La Palapa Inc. (as lessee and operator) have violated the Illinois Human Rights Act ("ILHRA"), as codified at 775 ILCS 5.

38. The ILHRA provides that all individuals within the state of Illinois shall be free from discrimination based upon physical or mental disabilities; 775 ILCS 5/1-102 §1-102(A).

39. The Plaintiff suffers from a disability included within the definition of disability as delineated within the ILHRA, which states that [a] disability means a determinable physical or mental characteristic of a person including a characteristic which may result from disease, injury, or congenital condition of birth or a functional disorder; 775 ILCS 5/1-103 §1-103(I).

40. Defendant The George and Antonia Florakos Revocable Trust (as lessor and owner) and Defendant La Palapa Inc. (as lessee and operator) own and/or operate a restaurant which is a place of public accommodation, as defined within 775 ILCS 5/5-101(A)(2).

41. The ILHRA states that it is a civil rights violation for any person to discriminate in the provision of enjoyment of facilities, goods, and services in any public place of accommodation; 775 ILCS 5/5-102(A).

42. The violations of Illinois law were deliberate and knowing.

43. Under the ILHRA, as codified at 775 ILCS 5/8, the Plaintiff is entitled to file a civil action against the Defendants in accordance with the code of civil procedure.

**WHEREFORE,** Plaintiff respectfully prays that this Court grant the following relief against Defendant The George and Antonia Florakos Revocable Trust (as lessor and owner) and Defendant La Palapa Inc. (as lessee and operator) including

damages costs and reasonable attorney's fees and for the following injunctive relief and declaratory relief:

a)        A declaration that the Defendant The George and Antonia Florakos Revocable Trust (as lessor and owner) and Defendant La Palapa Inc. (as lessee and operator) have owned and/or operated the Subject Facility in violation of the ILHRA and have violated 775 ILCS 5 et. seq in that the Defendants failed to consider and accommodate the needs of disabled persons to the full extent required by Illinois law.

b)        An Order mandating that Defendants undertake and complete corrective measures to provide equal access to individuals with disabilities within a reasonable time;

c)        An Order mandating that Defendants expeditiously make all reasonable and appropriate modifications to the Subject Facility to ensure that persons with disabilities are no longer excluded, denied access, segregated or otherwise discriminated against or treated differently than from the general public;

d)        Award damages including but not limited to mental anguish, loss of dignity, and any other intangible injuries;

e)        Award reasonable costs and attorneys fees; and

f)        Award any and all other relief that may be necessary and appropriate.

Dated this 28th day of July, 2015.

Respectfully submitted,

*s/Scott R. Dinin*
Scott R. Dinin, Esq.
Scott R. Dinin, P.A.
332 S Michigan Ave.
Suite 1032 - D673
Chicago, Il 60604
Tel: (855) 346-4652
inbox@dininlaw.com
*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

Civil Action Number:

ANEL MONTENELLI,

      Plaintiff,

vs.

LA PALAPA, INC. and
THE GEORGE AND ANTONIA FLORAKOS
REVOCABLE TRUST

      Defendants.

---

## VERIFICATION OF COMPLAINT

---

      Plaintiff Anel Montenelli declares under penalty of perjury under the laws of the State of Illinois that the allegations in the foregoing complaint are true and correct to the best of my belief, recollection and knowledge.

Date: 7/23/15

                                      Anel Montenelli

**EXHIBIT "A"**