IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| ANEL MONTENELLI, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 6595 |
| | ) | |
| LA PALAPA INC. and THE GEORGE AND ANTONIA FLORAKOS REVOCABLE TRUST, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM**

This Court, having learned through its regular review of ECF filings that plaintiff Anel Montenelli ("Montenelli") has filed a "Notice of Settlement Motion For Entry of an Order of Dismissal," has had a copy of that document printed out for its review. Because the document was transmitted on Montenelli's behalf by a lawyer listing a Miami, Florida address, this Court had assumed initially that counsel was understandably unfamiliar with this District Court's LR 5.3(b) that requires every motion to be accompanied by a notice designating a presentment date so that the matter can be brought on for consideration at that time. But both the case docket and this Court's chambers file reveal that the same lawyer had originally filed this case and had done so listing a Chicago address, so that his lack of knowledge of the presentment requirement is somewhat difficult to understand -- and in this instance it has required the extra (though modest) effort of having to produce this memorandum instead of the easier task of providing an oral explanation at the presentment date.

Because Montenelli's filing reflects that his counsel is aware of our Court of Appeals' precedents that began with the decision in Lynch v. Samata Mason Inc., 279 F.3d 487, 489 (7th

Cir. 2002) and has been repeated by that court on a number of occasions since then, counsel has requested that the order of dismissal not contain the words "with prejudice." This Court has always viewed that automatic "poison pill" treatment as being in serious tension with the Supreme Court's opinion in <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375 (1994) in a situation in which (as here) the parties have expressly provided for the retention of jurisdiction in conjunction with a settlement, but both the District Courts and the lawyers in this Circuit are of course obliged to comply with the Court of Appeals' directive in those cases.

That however is not the end of the story, because an open-ended retention of jurisdiction with an indefinite future poses procedural problems for the District Court calendar. This Court's consistent practice has therefore been (1) to issue a case termination order that sets a future end date ("X" for convenience in this memorandum) for the retention of jurisdiction, with counsel for the parties selecting that date based on any installment arrangement for the payment of damages or any other factor (such as injunctive relief) calling for continued performance, and (2) to include in that order a provision that the case's dismissal with prejudice will occur on the "X+1" date in the absence of any motion having been filed before the "X" date (a) for enforcement of the parties' settlement agreement or (b) for reinstatement of the case or (c) to extend the "X" end date.

Accordingly this Court will await a directive from the parties as to the appropriate form of the current order of dismissal. Needless to say, that should be forthcoming swiftly so that the dismissal of the case can be placed in the proper framework.

                                                              _____
                                                              Milton I. Shadur
Date: December 11, 2015                       Senior United States District Judge